**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICKY BROOKS**<br>**2404 Yout Street**<br>**Racine, WI 54404,**<br>            Plaintiff,<br><br>            v.<br><br>**JANET NAPOLITANO**, *in her official capacity as Secretary of the United States Department of Homeland Security*<br>*Washington, DC 20528*<br><br>    and<br><br>**GALE D. ROSSIDES**, *in her official capacity as Acting Administrator, Transportation Secretary Administration*<br>*U.S. Department of Homeland Security*<br>*601 S. 12th St.*<br>*Arlington, VA 22202*<br><br>    and<br><br>**STUART J. ISHIMARU**, *in his official capacity as Acting Chairman,*<br>*U.S. Equal Employment Opportunity Commission*<br>*131 M Street, NE*<br>*Washington DC 20507*<br><br>            Defendants. | Civil Action No. 10-cv-099 (RLW) |

**<u>MEMORANDUM OPINION[1]</u>**

---

[1]   This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

Before the Court is Defendants' Amended Motion to Dismiss.[2] Defendants move to dismiss Plaintiff Ricky Brooks' complaint for failure to state a claim pursuant to Rule 12(b)(6). Having considered the full briefing on this motion, and for the reasons set forth below, Defendants' motion is granted and Plaintiff's complaint is dismissed with prejudice.

## I.  FACTUAL BACKGROUND

Plaintiff Brooks was employed by the Transportation Security Administration ("TSA") starting March 31, 2002, and later accepted an airport supervisory security screener position at the General Mitchell International Airport in Milwaukee, Wisconsin. (Compl. ¶ 4). On December 3, 2003, TSA removed Brooks from this position and Brooks timely filed an EEO complaint alleging that his removal was due to discriminatory reprisal. (Compl. ¶¶ 9, 10).  After a hearing, an EEOC administrative judge informed the parties that he would find unlawful reprisal concerning Plaintiff's termination and scheduled a hearing for damages on September 27, 2005. (Compl. ¶¶ 11, 12).  Before the hearing on damages, Brooks and the TSA executed a settlement agreement ("2005 Settlement Agreement"). (Compl. ¶ 12).

As part of the 2005 Settlement Agreement, the parties agreed that Brooks would be reinstated as a Transportation Security Screener after he passed all components of Phase 2 of the TSA screener assessment, which included a medical assessment. (Defs.' Mem. Supp. Am. Mot. Dismiss, Exh.1 ¶ A.4).  Notwithstanding the fact that a physician certified that Brooks was capable of performing his job as a screener without imposing risks to himself, co-workers or customers, the TSA medically disqualified Brooks from being a screener at the agency based on his diabetic condition. (Compl. ¶ 13; Defs.' Mem. Supp. Am. Mot. Dismiss, Exh. 2 at 2).

---

[2]     Defendants filed their original Motion to Dismiss on March 22, 2010 (Docket No. 3) and, because of the intervening decision by the EEOC relating to the TSA's administrative appeal, were granted leave to file an amended motion. Defendants' Amended Motion to Dismiss wholly supplants Defendants' original Motion to Dismiss.

Subsequently, Brooks filed an appeal with the EEOC to enforce the settlement agreement and restore him back to employment. (Compl. ¶ 14). On July 3, 2008, the Office of Federal Operations ("OFO"), EEOC, responded to Brooks' appeal and concluded that the matter required a hearing before an EEOC administrative judge to determine, among other things, how the TSA Medical Guidelines' standard was applied to disqualify Brooks from the screener position. (Compl. ¶ 15). On September 29, 2009, the administrative judge found that TSA discriminated against Brooks by applying the Medical Guidelines disparately when TSA did not give Brooks 65 days to submit additional medical evidence to establish that he was fit to return to duty. (Compl. ¶ 16).

On November 5, 2009, TSA issued a final order and appealed the administrative judge's September 29, 2009 decision finding disparate treatment. (Compl. ¶ 21). Brooks asks this Court to issue a writ of mandamus requiring the Defendants to comply with 29 C.F.R. § 1614.505 and provide interim relief during the pendency of TSA's administrative appeal.[3]

## II. STANDARD OF REVIEW

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." Anderson v. Holder, 691 F. Supp. 2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)) (internal quotes omitted).

---

[3] On April 15, 2010, the Office of Federal Operations, EEOC, issued a decision reversing TSA's final order and finding that TSA breached the 2005 Settlement Agreement and that Brooks was improperly denied a full 65-day period to submit relevant medical documentation. (Defs' Mem. Supp. Am. Mot. Dismiss, Exh. 5 at 6).

A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).  However, where the well-pleaded facts do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief.  Iqbal, 129 S. Ct. at 1950.  In evaluating a Rule 12(b)(6) motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

### III. ANALYSIS

#### A. Brooks is not entitled to relief under the EEOC regulations

Brooks seeks interim relief during the pendency of the TSA's November 5, 2009 appeal under 29 C.F.R. § 1614.505.  Section 1614.505 states, in pertinent part:

> (a)(1) When the agency appeals *and the case involves removal, separation, or suspension* continuing beyond the date of the appeal, *and when the administrative judge's decision orders retroactive restoration*, the agency shall comply with the decision to the extent of the temporary or conditional restoration of the employee to duty status in the position specified in the decision, pending the outcome of the agency appeal. The employee may decline the offer of interim relief.
>
> (b) If the agency files an appeal and has not provided required interim relief, the complainant may request dismissal of the agency's appeal. Any such request must be filed with the Office of Federal Operations within 25 days of the date of service of the agency's appeal. A copy of the request must be served on the agency at the same time it is filed with EEOC. The agency may respond with evidence and argument to the complainant's request to dismiss within 15 days of the date of service of the request.

29 C.F.R. § 1614.505 (emphasis added).  Thus, section 1614.505 provides for temporary or conditional restoration of a claimant's employment during the pendency of an appeal if three conditions are met: (1) the agency has filed an appeal; (2) the case involves removal, separation, or suspension; and (3) the admistrative judge has ordered retroactive restoration.  Although it is undisputed that TSA appealed the administrative judge's September 29, 2009 decision, Brooks is nonetheless precluded from interim relief under section 1614.505 because the other two conditions of the regulation have not been satisfied.

Brooks' contention that his case involved "removal" within the meaning of section 1614.505(a)(1) lacks merit.  Referring to the fact that he filed a complaint challenging removal in 2003, Brooks argues that "[t]his fact alone satisfies the regulations [sic] requirement that the case 'involve' separation." (Pl.'s Opp. Mot. to Dismiss at 9).  Essentially, Brooks argues that if a case can be traced back to a "removal, separation or suspension,"  the case falls within the regulation, regardless of whether the case before the administrative judge involves an actual removal.  This broad interpretation, however, is not supported by the plain language of the regulation.  The operative language of the regulation, which states that "the agency shall comply with the [administrative judge's] decision . . . pending the outcome of the agency appeal," indicates that the purpose of the regulation is to effectuate an administrative judge's order of reinstatement during the pendency of an appeal.  29 C.F.R. 1614.505(a)(1).  Therefore, this regulation can only apply in cases where a claimant's removal is before the administrative judge *and* the judge orders reinstatement.

In this case, the agency did not appeal a case involving removal, separation, or suspension.  The administrative judge's September 29, 2009 decision was related to Brooks' medical disqualification and TSA's purported breach of the 2005 Settlement Agreement.

5

Specifically, the administrative judge was tasked with determining: (1) how the Medical Guidelines' standard was applied to disqualify Brooks from the screener position; (2) how that standard was applied with respect to other applicant screeners; (3) how the Agency resolves situations where a permanent screener develops diabetes; and (4) during the settlement negotiations, what questions were aksed by Brooks' counsel regarding diabetes and what responses were given by Agency counsel. (Compl. ¶ 15).  Therefore, because the matter appealed by the TSA did not involve separation, removal or suspension, Brooks in not entitled to interim relief under section 1614.505.

Further, the administrative judge did not order retroactive restoration—another condition for interim relief under section 1614.505.  Although the administrative judge found that Brooks was entitled to "make whole relief," this relief cannot fairly be characterized as retroactive reinstatement as Brooks asserts.  The administrative judge ordered that Brooks be put in "a position where he would have been were it not for unlawful discrimination." (Am. Mot. to Dismiss, Ex. 4 at 6).  To accomplish this end, the administrative judge ordered that Brooks be given at least 65 days to submit additional documentation showing compliance with the Medical Guidelines' standard for diabetes in effect at the time the settlement was executed.  Id.  Thus, the administrative judge did not order that Brooks be reinstated to his job, but merely ordered that Brooks be given a fair opportunity to pass the medical requirements to be reinstated.

Accordingly, the Court finds that interim relief is not appropriate in this case because all the requirements of section 1614.505 have not been satisfied.

### B. Plaintiff has failed to satisfy the requirements for mandamus

Plaintiff filed suit in this Court under 28 U.S.C. § 1361, seeking a writ of mandamus ordering, *inter alia*, that TSA and DHS comply with 29 CFR § 1614.505.[4] The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Mandamus is only available if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting Council of and for the Blind of Delaware Cty. Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).

Brooks argues that he has satisfied the first two requirements of mandamus—that plaintiff's right to relief and defendant's duty to act be clear—because, as Brooks asserts, 29 C.F.R. § 1614.505(a)(1) entitles him to interim relief. Brooks asserts that compliance with 29 CFR § 1614.505 "is a mandatory, non-discretionary, and purely ministerial action appropriate for mandamus-like relief." (Compl. at 4). However, as discussed *supra*, Brooks in not entitled to interim relief because section 1614.505(a)(1) is inapplicable here. Because section 1614.505(a)(1) creates neither a right to relief nor a duty for the Defendants to act, Brooks has failed to meet the first two requirements for mandamus.

Brooks also failed to avail himself of alternative means of relief. The EEO regulations provide a mechanism for addressing non-compliance with settlement agreements in 29 C.F.R. § 1614.504.[5] Indeed, the terms of the 2005 Agreement provide that, if Plaintiff believes that the

---

[4] Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[5] Section 1614.504 provides, in pertinent part:
  (a) . . . If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in

Agency failed to comply with the Agreement, "the matter will be processed in accordance with 29 C.F.R. § 1614.504." (Def's Am. Mot. to Dismiss. Exhibit 1 at ¶ A.7). In addition, even if the September 29, 2009 decision had involved removal, separation, or suspension, as Brooks asserts here, Brooks did not seek relief through section 1614.505(b), which allows a claimant to move to dismiss an appeal when interim relief is not provided by the agency. 29 C.F.R. 1614.505(b).

Thus, Brooks has failed to satisfy the strict requirements for a writ of mandamus. Because neither Brooks' right to relief nor Defendants' duty to provide it is clear, and because Brooks failed to avail himself of an adequate alternative remedy, the grant of the extraordinary remedy of mandamus is inappropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Amended Motion to Dismiss Plaintiff's Complaint is granted. Plaintiff's complaint is hereby dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

---

    writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. *The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.*

(c) . . . If the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased. Allegations that subsequent acts of discrimination violate a settlement agreement shall be processed as separate complaints under § 1614.106 or § 1614.204, as appropriate, rather than under this section.

    (emphasis added).

SO ORDERED.

Date: February 8, 2012

                                                          _____
ROBERT L. WILKINS
United States District Judge